KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK KROTOSKI (CSBN 138549)
Chief, Criminal Division

PHILIP J. KEARNEY (CSBN 114978)
RICHARD J. CUTLER (CSBN 146180)
Assistant United States Attorneys
KRISTA TONGRING (NJBN 2739-96)
Trial Attorney, United States. Department of Justice

   450 Golden Gate Avenue
   San Francisco, CA 94103
   Telephone: (415) 436-6758, 6867, 6829
   Fax:    (415) 436-7234
   E-mail: Philip.Kearney@usdoj.gov
          Richard.Cutler@usdoj.gov
          Krista.Tongring3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>REDACTED DEFENDANT #1, ET AL.,<br>    Defendants. | No. CR- 05 - 00167 WHA<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO REQUIRE THE ELECTION BETWEEN COUNTS ONE AND THREE AND COUNT TWO AND SUBSTANTIVE RACKETEERING ACTS OF THE SECOND SUPERSEDING INDICTMENT**<br><br>Date: June 28, 2006 |

The United States Attorney's Office, by and through its attorneys of record, hereby opposes the Defendants' Robert Calloway (Doc. No. 406), Ronnie Calloway (Doc. No. 436), Diaz (Doc. No. 422), Ellis (Doc. No. 415), Fort (Doc. No. 408), Johnson (Doc. No. 435) and Rollins (Doc. No. 425) motions to require the government to elect between Counts One and Three of the Second Superseding Indictment (Doc. No. 181) , and Count Two and the substantive

**GOVERNMENT'S OPPOSITION**
**[CR 05 -00167 WHA]**                1

| | |
|---|---|
| 1 | racketeering acts for which each defendant is charged. This opposition is based upon the |
| 2 | attached Memorandum of Points and Authorities, the files and records in this case, and any |
| 3 | further evidence or argument that may be presented at the hearing on the motion. |
| 4 | |
| 5 | DATED: June 19, 2006　　　　　　　　　　KEVIN V. RYAN |
| | 　　　　　　　　　　　　　　　　　　　　　　　United States Attorney |
| 6 | |
| 7 | 　　　　　　　　　　　　　　　　　　　　　　　MARK L. KROTOSKI |
| | 　　　　　　　　　　　　　　　　　　　　　　　Chief, Criminal Division |
| 8 | |
| 9 | |
| 10 | 　　　　　　　　　　　　　　　　　　　　　_____/S/_____ |
| | 　　　　　　　　　　　　　　　　　　　　　　　PHILIP J. KEARNEY |
| 11 | 　　　　　　　　　　　　　　　　　　　　　　　RICHARD J. CUTLER |
| | 　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys |
| | 　　　　　　　　　　　　　　　　　　　　　　　KRISTA TONGRING |
| 12 | 　　　　　　　　　　　　　　　　　　　　　　　United States Department of Justice, Trial Attorney |
| | 　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff |
| 13 | 　　　　　　　　　　　　　　　　　　　　　　　United States of America |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

**INTRODUCTION**

The defendants[1] argue that two aspects of the indictment are multiplicious: that the government cannot charge the defendants pursuant to Title 21, United States Code, Section 846 (narcotics conspiracy or Count 1) and pursuant to Title 18, United States Code, Section 924(o) (firearms conspiracy or Count 3); and that the government cannot charge the defendants pursuant to Title 18, United State Code, Section 1962(d) (RICO conspiracy or Count 2) and the substantive racketeering acts that make up the RICO conspiracy. Each of these defendants is charged in the narcotics and firearms conspiracies. The defendants are charged with the following substantive racketeering acts, to which they object as multiplicious in conjunction with Count 2: Robert Calloway - Counts 10 and 12; Diaz - Counts 10-13, 16-22, 24-25, 27-28, Ellis - Count 27; Fort - Counts 4, 5, 7-9, 14, 26-27; Johnson - Counts 10, 16-19, 20, 22-25, and Rollins - Count 18.

II.

**STATEMENT OF FACTS**

On November 14, 2005, a Second Superseding Indictment was filed charging the defendants with, among other crimes, participating in a racketeering conspiracy in violation of 18 U.S.C. Section 1962(d). The government alleges that, during the period covered by the indictment the defendants were part of a criminal street gang known as the "Down Below Gang" (DBG), and that this gang operated as an "enterprise" for the purposes of 18 U.S.C. Section 1961(4). See Doc. No. 181 at 17. The government alleges that DBG and its members, some of whom are the defendants, and others who are unindicted co-conspirators, committed various crimes in furtherance of the enterprise, including murder, attempted murder, conspiracy to commit murder,

---

[1] Throughout this opposition, the government only refers to the defendants who have filed or joined in this motion - Robert Calloway, Ronnie Calloway, Edgar Diaz, Dornell Ellis, Emile Fort, Don Johnson, and Ricky Rollins. Ronnie Calloway is not charged in Count 2 of the Second Superseding Indictment so that portion of the argument does not apply to him.

**GOVERNMENT'S OPPOSITION**
**[CR 05 -00167 WHA]**            3

robbery, possession of narcotics for the purposes of sale, and firearms offenses. Based upon these factual allegations, the defendants were charged with three (3) conspiracies and various substantive offenses.

The defendants are charged in Count 1 with conspiracy to possess with intent to distribute, and to distribute, narcotics, in violation of 21 U.S.C. Section 846. The overt acts alleged in furtherance of the conspiracy include various narcotics and firearms crimes, as well as crimes of violence that occurred between 1998 and 2005. See Doc. No. 181 at 6-16. The defendant are also charged with conspiracy to use, carry, and possess firearms during and in relation to a drug conspiracy, in violation of 18 U.S.C. Section 924(o).

Count 2 alleges a conspiracy to participate in a racketeer influenced and corrupt organization, in violation of 18 U.S.C. Section 1962(d). As essential elements of this charge, the government is required to plead that the defendants engaged in a pattern of racketeering activity, also known as "racketeering acts". The same acts that are alleged as racketeering acts were charged as substantive crimes against the defendants.

## III.

## ARGUMENT

### I. MULTIPLICITY

The concept of multiplicity is inextricably linked to the constitutional protection against double jeopardy. "An indictment is multiplicious when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." United States v. Stewart, 420 F.3d 1007, 1012 (9th Cir. 2004)(citations omitted). In order to determine whether two counts are multiplicious, the charges must be viewed separately. Id. If each charge requires "proof of an additional fact which the other does not[,] the charges are not multiplicious. Id; see also United States v. Arlt, 252 F.3d 1032, 1036 (9th Cir. 2001) (*en banc*). The examination is conducted by comparing the factual evidence necessary to prove the elements of each offense. Arlt, 252 F.3d at 1036. This is known as the Blockberger test. Id.

The Ninth Circuit has unequivocally held that a defendant may be charged with conspiracy to violate RICO, as well as conspiracy to commit one of the racketeering acts with which he is

charged. United States v. Baker, 63 F.3d 1478, 1494 (9th Cir. 1995).[2] In doing so, the Ninth Circuit stated "where the offenses are the same under the Blockburger test, multiple punishments are permitted if Congress intended that they be imposed." Id. (citations omitted). The Baker Court continued, "'RICO's statutory language reflects congressional intent to supplement, rather than supplant, existing crimes and penalties.'" Id. (quoting United States v. Deshaw, 974 F.2d 667, 671-672 (5th Cir. 1992)).

II   COUNTS 1 AND 3

Applying the foregoing law to Counts 1 and 3, the Court must look to the elements of the offenses and whether the each charge requires proof of an additional fact that the other does not. See Stewart, 420 F.3d at 1012. Count 1 charges a conspiracy to possess with the intent to distribute, and distribution of narcotics. Count 3 charges a conspiracy to use and carry firearms during and in relation to a drug conspiracy. The overt acts alleged in the narcotics conspiracy relate to both narcotics and firearms acts. See Doc. No. 181 at 6-16. However, the overt acts alleged in furtherance of the firearms conspiracy only relate to the firearms acts. See Doc. No. 181 at 42-44. Thus, Count 1 requires proof of the additional facts of the narcotics overt acts,[3] which are not required in Count 3, thus satisfying the Blockburger test.

The defendants urge this Court to follow the 5 factor test used United States v. Smith, 424 F.2d 992, 1000 (9th Cir. 2005). However, their reliance on Smith is misplaced. The defendants in Smith were charged with 3 conspiracies under the same statute - 18 U.S.C. Section 371. It was under those circumstances that the Ninth Circuit decided against the use of the Blockburger

---

[2] In Baker, the defendants were charged with 18 U.S.C. Section 1962(d) and conspiring to traffic in contraband cigarettes, which was the "predicate offense on which the RICO conspiracy [was] based." Id. at 1482. After their convictions on both charges, the defendants appealed and claimed that the charges were multiplicious. Id.

[3] Proof of the narcotics overt acts will include evidence such as testimony from the narcotics criminalists as to the type and weight of the alleged controlled substances seized from the defendants, testimony from the SFPD who seized the narcotics from the defendants, and testimony from an expert in the street-level narcotics trade as to whether the narcotics were possessed for personal use or distribution. This evidence will not be utilized for the firearms conspiracy.

**GOVERNMENT'S OPPOSITION
[CR 05 -00167 WHA]**                                   5

in favor of the 5 factor test. Id. Because the defendants in this case are charged under separate conspiracy statutes - 21 U.S.C. Section 846 and 18 U.S.C. Section 924(o), the Smith rationale does not apply.

III  COUNT 2 AND SUBSTANTIVE COUNTS

Count 2 charges the defendants with a RICO conspiracy in violation of 18 U.S.C. Section 1962(d). The substantive counts the defendants claim are multiplicious are the following: murder in aid of racketeering, in violation of 18 U.S.C. Sections 1959(a)(1) and (2) (Counts 4, 7, 8, 10, 12, 13, 23); attempted murder in aid of racketeering, in violation of 18 U.S.C. Section 1959(a)(5) and (2) (Counts 5, 9, 11, 21, 22, 24, 25); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. Section 1959(a)(5) (Counts 14, 16, 17, 18, 27); armed assault in aid of racketeering, in violation of 18 U.S.C. Section 1959(a)(3) (Counts 19, 20); threats to commit murder in aid of racketeering, in violation of 18 U.S.C. Section 1959(a)(4) (Count 26); and conspiracy to tamper with a witness, in violation of 18 U.S.C. Section 1512(k) (Count 28).

The government has charged 30 racketeering predicate (racketeering acts) in the RICO conspiracy against the defendants. In order to prove this RICO conspiracy, proof of many additional facts relevant to the Section 1962 charges will be presented as part of the pattern of racketeering. For example, racketeering acts 1-7 allege narcotics violations, and racketeering act 12 charges arson. See Doc. No. 181 at 24-26, 27. The facts necessary to prove those allegations will not be necessary to prove the Section 1959 charges. Moreover, the motive element for the RICO conspiracy is that of knowing agreement to "'facilitate a scheme which includes the operation or management of a RICO enterprise[]'" United States v. Fernandez, 388 F.3d 1199, 1230 (9th Cir. 2004) (quoting Smith v. Berg, 247 F.3d 532, 538 (3rd Cir. 2001)), while the motive element for Section 1959 is self-promotion within the enterprise. United States v. Concepcion, 983 F.3d 369, 381 (2d Cir. 1992)(*en banc*). Finally, and specifically with regard to the Section 1959(a)(5) conspiracy to commit murder charges, the Baker decision expressly permits a RICO conspiracy to be charged alongside another conspiracy that is charged as a racketeering act. 63 F.3d at 1494.

The defendants urge this Court to follow a district court case from the District of Maryland, United States v. Gardner, 417 F. Supp. 703 (D. Md. 2006). In that case, the defendant was charged with a RICO conspiracy and conspiracy to commit murder. Id. at 706-707. The Gardner case, however, is not controlling precedent in this district and should not be followed by this Court.[4]

## IV.

## **CONCLUSION**

Congress intended that the RICO statute be construed liberally, and not to impose on any other criminal statute. See Baker, 63 F.3d at 1494. Congress also intended that VICAR - the violent crime in aid of racketeering statute - complement the RICO statute. See Concepcion, 983 F.2d at 381. Neither congressional intent, nor Ninth Circuit precedent requires the remedy the defendants seek. Thus, the defendants' motion that the government should be required to elect between Counts 1 and 3, and Count 2 and the substantive racketeering acts should be denied.

DATED: June 19, 2006                    Respectfully submitted,

                                        KEVIN V. RYAN
                                        United States Attorney


                                         /s/
                                        _____
                                        PHILIP J. KEARNEY
                                        RICHARD J. CUTLER
                                        Assistant United States Attorneys
                                        KRISTA TONGRING
                                        Trial Attorney, U.S. Department of Justice
                                        Attorneys for the Plaintiff
                                        United States of America

---

[4] Interestingly, the Gardner court only dismissed the Section 1959 conspiracy to commit murder charges that were also charged as racketeering acts, but confirmed that charging murder pursuant Section 1959 and as a racketeering act under Section 1962(d) is permissible. Id. at 711, n.6.

**GOVERNMENT'S OPPOSITION**
**[CR 05 -00167 WHA]**                              7