JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

C. DAVID HALL (CSBN 66081)
Assistant United States Attorney
KRISTA TONGRING (NJBN 2739-96)
Trial Attorney, U.S. Department of Justice

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone: (415) 436-7200
    Email: david.hall2@usdoj.gov
           krista.tongring3@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Criminal No. CR 05-00167 WHA |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | ) | |
| | ) | Court: Hon. William H. Alsup |
| **RAYMON MILBURN,** | ) | Date:   January 20, 2008 |
| | ) | Time:   2:00 p.m. |
| Defendant. | ) | |

       On November 3, 2008, Raymon Milburn pleaded guilty to Count Fourteen of the Second Superseding Indictment, charging him with Conspiracy to Murder in Aid of Racketeering in violation of 18 U.S.C. Section 1959(a)(5). The plea agreement was pursuant to Fed.R.Crim.P. 11(c)(1)(C) and specified an agreed-upon sentence of a term of imprisonment of 84 months (7 years). On December 30, 2008, the Presentence Investigation Report (PSR) was disclosed. Mr. Milburn's base offense level was calculated to be 33, and his Criminal History was calculated to

1 | be Category III, which result in a Guideline range of 121 to 151 months. The Final Report has
2 | not been issued at the time of this filing.

3 | In the plea agreement, both parties agreed and stipulated to the following computations:

4 | a. Base Offense Level, U.S.S.G. § 2A1.5 (via 2E1.3): 33
5 | b. Acceptance of Responsibility: -3
6 | c. Adjusted offense level 30

7 | The United States and the defendant engaged in extensive and long-term plea negotiations. With
8 | respect to this defendant, the parties agreed that a fair and reasonable sentence for his criminal
9 | activities was a term of imprisonment of 84 months or 7 years. While this sentence is below the
10 | guideline range, it is a term of years that the government believes reflects the conduct of this
11 | defendant, as well as the other considerations taken into account by the parties during their
12 | negotiations, including evidentiary issues that balanced the costs and benefits of going to trial.

13 | The government respectfully requests, in accordance with the Rule 11(c)(1)(C) plea
14 | agreement, that the Court impose the jointly agreed-upon sentence of 84-months' imprisonment,
15 | to be followed by three years of supervised release. The Court could achieve this result by
16 | adopting the calculations contained in the PSR and then imposing a lower sentence based on the
17 | factors identified in 18 U.S.C. § 3553(a) (in particular those discussed in Section 3553(a)(1)) as
18 | well as the principles outlined in *United States v. Booker*, 543 U.S. 220 (2005); *see also United*
19 | *States v. Cheslowski*, 410 F.3d 353, 363 (7th Cir.2005)(holding that *Booker* strengthens the case
20 | for the validity of sentences imposed under Rule 11(c)(1)(C) plea agreements that deviate from
21 | the Guidelines range)).

22 | In sum, the Court should sentence defendant as agreed to by the parties to a term of
23 | imprisonment of 84 months followed by a three-year period of supervised release, and a special
24 | assessment of $100.

25 | //
26 | //
27 | //
28 |

United States v. Raymon Milburn
CR-05-00167 WHA
Sentencing Memorandum - 2

Dated: January 15, 2009

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
C. DAVID HALL
WILLIAM FRENTZEN
Assistant United States Attorneys
KRISTA TONGRING
Trial Attorney, U.S. Department of Justice