IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CALLOWAY,<br><br>Defendant.<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/ | No. CR 05-00167 WHA<br><br>**ORDER GRANTING IN PART RULE 36 MOTION** |

*Pro se* defendant Robert Calloway moves pursuant to Federal Rule of Criminal Procedure 36 to correct the judgment in this case. The government believes that a corrected judgment should be issued. To the extent stated herein, the motion is **GRANTED**.

On December 4, 2006, pursuant to a Rule 11(c)(1)(C) agreement, defendant pleaded guilty to conspiracy to participate in a racketeering enterprise (Dkt. No. 1072). The parties jointly recommended a 210-month sentence. On March 13, 2007, the Court sentenced defendant and pronounced the judgment as follows (Dkt. No. 1874-1 at 11–12):

> Pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that Robert Calloway is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 210 months.
>
> The Court orders that defendant be credited for time served as of February 14th 2005 because the offense conduct in the defendant's state conviction in docket number 192694-1 overlaps with the offense conduct of the federal conviction. And this is pursuant to U.S. Guideline Section 5G1.3(b)(1).

The written judgment was filed on March 20, 2007. The written judgment states (Dkt. No. 1188):

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 210 months. The Court orders that the defendant be credited for time served as of February 14, 2005, because the offense conduct in the defendant's state conviction in Dkt. No. 192794-1, overlaps with the offense conduct in this federal conviction.

According to the government, the Bureau of Prisons has not credited defendant Calloway for any time served on the relevant state conviction prior to August 19, 2005 (Dkt. No. 1874 at 4, 8) ("[T]he BOP is according credit for time served" after August 19, 2005.) Relevant to the instant motion is the fact that defendant remained in state custody from February 14, 2005, the date of his sentencing in the state court case referenced in the judgment, until August 19, 2005, the date on which he was taken into federal custody in the instant case (*id*. at 2).

Rule 36 provides that a court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The language incorporated into the written judgment did not reflect the Court's intent, as orally pronounced, to adjust the term of imprisonment, pursuant to U.S.S.G. 5G1.3(b)(1). *See* 18 U.S.C. 3585 (b) (prohibiting double-crediting).

Thus, the judgment will be corrected to include an adjustment for time spent in state custody from February 14, 2005, to August 19, 2005, after which date the BOP is according credit for time served. Defendant moves for an eight-month reduction based on time spent in state custody between July 9, 2004, and February 14, 2005. Such a reduction, however, would constitute a substantive change in the judgment, which is improper under Rule 36. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). A corrected judgment will be entered. The corrected judgment shall read as follows:

> The defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 203 months and 360 days. This term represents the low end of the applicable guideline range (210 months), adjusted downward by six months pursuant to a term of imprisonment in San Francisco Superior Court Docket No. 192694-1, because the offense conduct in that case overlaps with the offense conduct in the federal offense of conviction. *See* U.S.S.G. § 5G1.3(b). This is a sentence reduction pursuant to U.S.S.G. § 5G1.3(b) for a period of imprisonment that will not be

credited by the Bureau of Prisons. The sentence for the instant offense is to run concurrently to the remainder of the undischarged term of imprisonment in the state case referenced above.

**IT IS SO ORDERED.**

Dated: July 25, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE