IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER BYES,

Defendant.

No. CR 05-00167-9 WHA

**ORDER DENYING MOTION TO MODIFY SENTENCE**

**INTRODUCTION**

Defendant, who is proceeding *pro se*, has filed a motion to reduce his sentence under 18 U.S.C. 3582(c)(2), in light of a retroactive crack cocaine amendment to the sentencing guidelines. Defendant requests a reduction of his sentence to 60 months. The government opposes any reduction. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

On November 14, 2005, defendant Christopher Byes was charged by a grand jury for participating in a RICO conspiracy to commit acts of violence and to engage in narcotics trafficking. On December 4, 2006 defendant pled guilty pursuant to a written Rule 11(c)(1)(C) plea agreement. As part of the plea agreement, defendant "agree[d] not to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. 2255 or 28 U.S.C. 2241, or motion under 18 U.S.C. 3582, at any time in the future after [he was] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated" (Dkt. No. 1880 at 15-16). On March 7, 2007, defendant was sentenced to 77 months imprisonment.

In 2008, defendant filed a Section 3582(c)(1) motion to reduce his sentence based on Amendment 706 to the sentencing guidelines. The Court granted the motion for reduction in part, resulting in a two-level reduction in his total offense level (Sentencing Reduction Report, Dkt. No. 1880 at 2). Although the amended guidelines resulted in a sentencing range of 51-63 months, his sentence was only reduced to 72 months (*id.* at 2-3). Defendant was later released to a halfway house where he was required to remain for six months. After "just over a month" at the halfway house, defendant left and remained at-large for nearly seven months (*id.* at 3). Defendant was eventually found in a residence that contained marijuana and a firearm (*ibid.*). As a result of this escape, defendant was sentenced on new charges to 24 months, to be served consecutively with his original conviction.

**ANALYSIS**

Defendant now moves to modify his sentence pursuant to 18 U.S.C. 3582(c)(2). The government opposes the motion on the grounds that (1) defendant's sentence of 72 months, which was based on the plea agreement and the reduction pursuant to Amendment 706, is an appropriate sentence; (2) defendant has already served the 72 months of his sentence such that he is statutorily ineligible for a reduction; and (3) defendant waived his right to file a Section 3582 motion. Probation filed a report stating that the guideline range that would have been applicable if the amendment had been in effect at the time defendant was sentenced was 27 to 33 months; probation does not, however, recommend any reduction from 72 months.

This order need not address the second and third issues raised in the government's opposition, as defendant should not be granted a second reduction in his sentence. *First*, in 2008, the Court granted defendant's motion for a reduction to his sentence based on Amendment 706 to the guidelines, which lowered the crack cocaine guidelines that would have applied to defendant. Although the amended guidelines would have resulted in a sentencing range of 51-63 months, the sentence was only reduced to 72 months.

*Second*, a court considering whether to reduce a sentence pursuant to Section 3582(c)(2) must consider the factors set forth in Section 3553(a). Among the factors to be considered

are: the need for the sentence imposed to afford adequate deterrence to criminal conduct, "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 28 U.S.C. 3553(a)(2). As reported by probation, defendant left the halfway house to which he had been released, and where he was required to remain for six months. After nearly seven months, he was found "in a residence with 31 individual baggies of marijuana and a firearm" (Sentencing Reduction Report, Dkt. No. 1880 at 3). As a result of these violations, new charges were filed against defendant and he was sentenced to 24 months. Defendant's failure to comply with the terms of his release to the halfway house, and the commission of additional crimes, demonstrate that a reduction in sentence would not be appropriate in this case. Based on the foregoing, and because defendant has already received a reduction in his sentence, defendant's motion is hereby **DENIED**.

## CONCLUSION

For the above-stated reasons, the motion to reduce defendant's sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 29, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE